# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

KHALID ALSHAMMARY,

      Petitioner,                    Case No. 14-10214

v.                                HONORABLE DENISE PAGE HOOD

DIRECTOR OF BUREAU OF IMMIGRATION
AND CUSTOMS ENFORCEMENT,

      Defendant.

_____/

## MEMORANDUM OPINION AND ORDER

## I.    BACKGROUND

This matter comes before the Court on Khalid Alshammary's Petition for Expedited Writ of Habeas Corpus filed January 17, 2014.  Although Petitioner does not expressly invoke this Court's jurisdiction under 28 U.S.C. § 2241, the Court notes that this Court's authority to grant a writ of habeas corpus for an individual under the authority of the United States is set forth under this statute.  Pursuant to 28 U.S.C. § 2243[1], the Court directed Respondent to submit a response to the Petition by February

---

[1] The respondent may respond to the writ of habeas corpus within 20 days from the date respondent is served with the order to respond or show cause and a hearing set no more than five days after the response has been submitted, unless for good cause additional time is allowed.  28 U.S.C. § 2243.  Rule 6 of the Rules of Civil Procedure sets forth how time must be computed. Fed. R. Civ. P. Rule 6(a).  The dates set forth in the Court's Order directing the Respondent to submit response are within the dates set forth in § 2243 and Rule 6(a).

10, 2014 and the hearing was scheduled for February 18, 2014.  Respondent timely filed its response on February 10, 2014.  It is noted that the Royal Consulate General of Saudi Arabia requested a hearing to be set for February 5, 2014, such a request was not brought by Petitioner's counsel on behalf of Petitioner.

In his writ, Petitioner requests bond while he seeks review to the Board of Immigration Appeals ("BIA") of the Order by the Immigration Judge ("IJ") removing Petitioner from the United States to Saudi Arabia.  (Resp., Ex. F, 1/24/14 IJ Ord.) The IJ denied Petitioner's request for bond while the matter was on review to the BIA. (Resp., Exs. C and E) Respondent asserts that this Court lacks subject matter jurisdiction over the matter and the writ should be dismissed.

Petitioner came to the United States in July 2012 on a King Abdullah Scholarship to study at Saginaw Valley State University on an F-1 student visa. Petitioner was convicted at the 70th District Court in Saginaw, Michigan of Use of Marijuana, in violation of M.C.L. § 333.74042D on April 12, 2013.  Petitioner went home to Saudi Arabia in August 2013 and returned to the United States on August 20, 2013.  Petitioner was charged with Driving While Under the Influence of Alcohol on September 28, 2013.  No injuries or other cars were involved as a result of this incident.

On December 6, 2013, removal proceedings were initiated and a Notice to

Appear ("NTA") was issued to Petitioner.  The NTA alleges that when Petitioner

entered the United States on August 20, 2013, Petitioner had been convicted of Use

of Marijuana in April 12, 2013 and is now removable under 8 U.S.C. § 1227(a)(1)(A).

(Resp., Ex. A)

The IJ denied Petitioner's request for bond finding Petitioner a flight risk.

(Resp., Exs. C and D) The IJ issued an Order removing Petitioner from the United

States to Saudi Arabia on January 24, 2014.  (Resp., Ex. F) Petitioner filed a Notice

of Appeal of the removal order to the BIA on January 27, 2014.  (Resp., Ex. G)

Petitioner seeks bond pending the review of the removal order by the BIA.

Respondent asserts the Court lacks subject matter jurisdiction over the matter.

## II.   ANALYSIS

Rule 12(b)(1) of the Rules of Civil Procedure allows an action to be dismissed

for lack of subject matter jurisdiction.  In a Rule 12(b)(1) motion, the plaintiff has the

burden of proving that the Court has subject matter jurisdiction. *RMI Titanium Co. v.*

*Westinghouse Elec. Corp.*, 78 F.3d 1125, 1135 (6th Cir. 1996). A Rule 12(b)(1)

motion to dismiss is either based on a facial attack or a factual attack of the complaint.

*Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).  In a facial

attack, the Court considers the sufficiency of the complaint and must accept all factual

allegations made therein as true unless clearly erroneous. *Id.* at 326. In contrast, a

factual attack does not require the Court to take all factual allegations as true. *Id.* at 325. Rather, the Court must resolve any factual disputes and determine whether it in fact has subject matter jurisdiction. *Id.*

The federal writ of habeas corpus, 28 U.S.C. § 2241, provides that a court has the authority to grant a writ of habeas corpus if the person is "in custody in violation of the Constitution or laws or treaties of the United States. . . ." 28 U.S.C. § 2241(c)(3). The REAL ID Act of 2005 divests the district courts of subject matter jurisdiction to review removal orders of any alien. 8 U.S.C. § 1252(a)(2); *Elgharib v. Napolitano,* 600 F.3d 397, 600-01 (6Cir. 2010). The Attorney General's discretionary judgment regarding the application of the removal proceedings, including issuance of bond pending further review under 8 U.S.C. § 1226(a) is not subject to court review. 8 U.S.C. § 1226(e)("No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the brant, revocation, or denial of bond or parole."); *Casillas v. Holder,* 656 F.3d 273, 275 ("The grant or denial of a bond is unreviewable.") Only the Court of Appeals has jurisdiction to review a final Order of Removal. 8 U.S.C. § 1252(a)(5).

At oral argument, counsel for Petitioner argued that he is not challenging the merits of the removal order, but only the duration of the detention order pending

4

appeal to the BIA, which may take one year to review.  Petitioner cites *Kellici v. Gonzales,* 472 F.3d 416 (6th Cir. 2006) and *Zadvydas v. Davis,* 533 U.S. 678 (2001) to support his position that this Court has jurisdiction to review the Petition and that the duration of Petitioner's detention pending appeal is unreasonable.  The Government responds that the bond issue is intertwined with the IJ's decision and that this Court lacks subject matter jurisdiction to review the matter.

The Sixth Circuit in *Kellici* held that after a final order of removal has been issued, if the habeas petition did not contest or even mention the hearings before the IJ and BIA and the final order of removal, the district court retained jurisdiction under § 2241 to review a petitioner's challenge to the constitutionality of the arrest and detention.  *Kellici,* 472 F.3d at 420.  Since the instant Petition does not involve a post-removal order of detention, *Kellici* is inapplicable.

In *Zadvydas,* the resident aliens were not removed within the 90-days required by the statute, 8 U.S.C. § 1231(a)(1)(A), and the issue before the Supreme Court was whether the Attorney General had the authority to detain a removable alien indefinitely beyond the removal period or only for a period reasonably necessary to secure the alien's removal.  The Supreme Court concluded that § 2241 habeas proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.  *Zadvydas,* 533 U.S. at 688.  The Supreme Court

5

further held that there was a 6-month presumption that a post-removal detention was reasonable and that beyond that date, if an alien is not released after the 6-month period, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 701. Again, because the instant matter does not involve a post-removal-period detention, *Zadvydas* is not applicable.

Reviewing the Petition for Writ of Habeas Corpus, as noted by Petitioner, there is no final order of removal issued in his case since he is in the process of appealing the IJ's decision to the BIA. Although Petitioner now argues that he is not challenging the removal order, the Petition expressly mentions the IJ hearings and the IJ orders. (Pet., ¶¶ 16-22) Petitioner's basis for the issuance of the writ pending review by the BIA is that the IJ's decision is incorrect and that the BIA will eventually reverse the IJ's decision. (Pet., ¶ 22 ("Finally, there is no valid reason to detain Alshammary because he is not removable under the immigration laws. There is a very great likelihood of success on the merits of his case which must ultimately be dismissed by the Board of Immigration Appeals which will review this matter.")) Petitioner claims that his current detention pending appeal is unreasonable because it may take up to 1 year for the BIA to issue its decision. Other than the cases noted above, Petitioner has not cited a case where a district court is held to have the

authority to review the IJ's decision to detain an alien pending appeal to the BIA. Petitioner, despite the express language in his Petition, asks the Court to decide whether the detention pending appeal is unreasonable, without determining the validity of the removal order.  However, the bond and the removal issues are intertwined.  The reason for Petitioner's detention pending appeal to the BIA is that he was found by the IJ to be removable.  Any decision by this Court would implicate the IJ's decision–whether the basis of the IJ's decision to remove Petitioner and denying bond based on this finding of removability were correct.  As noted above, this Court is without jurisdiction to review the Attorney General's discretionary authority to deny bond pending review on appeal to the BIA of the IJ's decision.  8 U.S.C. § 1226(e).

## III.   CONCLUSION

For the reasons set forth above, the Court finds it has no subject matter jurisdiction over the requested writ of habeas corpus.

Accordingly,

IT IS ORDERED that the Motion for Leave to File a Supplemental Brief Regarding Subject Matter Jurisdiction (**No. 6, filed February 19, 2014**) is GRANTED, Petitioner having responded to the motion.

7

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus **(No. 6, filed January 17, 2014**) is DENIED and DISMISSED with prejudice.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  March 6, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 6, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

8